## DOUGLASS *v.* SHARP.

Opinion delivered January 22, 1898.

EJECTMENT—RIGHT TO POSSESSION—PAYMENT FOR BETTERMENTS.—Sandels & Hill's Dig., §§ 2590–1, provides, in substance, that an unsuccessful defendant in ejectment may in certain cases recover a judgment for improvements placed by him upon the land in controversy; that "no writ shall issue for the possession of the lands in favor of the successful party until payment has been made to such occupant of the balance due him for such improvements and the taxes paid; and [that] such amount shall be a lien on the lands, which may be enforced by equitable proceedings at any time within three years after the date of such judgment." *Held*, that a successful plaintiff, who has not paid the judgment for improvements, cannot recover possession of the premises, although the three years allowed to the defendant for enforcing his lien on the land for such improvements have elapsed. (Page 646.)

Appeal from Drew Circuit Court.

MARCUS L. HAWKINS, Judge.

### STATEMENT BY THE COURT.

The facts in this case are as follows: The appellants, A. L. Douglas *et al.*, brought a former action against the appellees, H. J. Sharp *et al.*, to recover from them the possession of certain land in Drew county. On the trial of the action in the circuit court, the land was adjudged to be the property of plain-

tiffs, but, the defendants having made improvements upon the land, the value of these improvements was assessed, and the court, in its final judgment in favor of plaintiffs for the land, ordered that no writ for the possession of said lands issue until defendants were paid the sums found due them for improvements. This judgment was rendered in September, 1890. The plaintiffs did not pay the sums adjudged to be due the defendants for improvements, and the defendants continued to hold possession of the land. In November, 1895, over five years after the rendition of the judgment above mentioned, plaintiffs brought this second action against defendants to recover possession of the same land. It was admitted in the complaint that the defendants had not been paid for the improvements. The circuit court held that the plaintiffs had no right of action, and gave judgment for the defendants.

*Wells & Williamson,* for appellants.

Section 2951 of Sand. & H. Dig. provides its own limitation, and hence is not governed by the ordinary period. By not resorting to a bill in equity within three years from the declaration of the lien for betterments, appellees' lien is barred.

*Z. T. Wood,* for appellees.

A former recovery having been had in this case, this suit is not maintainable. Though appellees' lien-right may be barred, being in possession, they still have the right to retain the land until their betterment claim is settled.

RIDDICK, J., (after stating the facts.) We are of the opinion that the judgment of the circuit court should be affirmed. Although the three years allowed the appellees in which to enforce their lien on the land for sums adjudged to be due them for improvements have now expired, yet, as they have not been paid for the improvements, they still have, under the statute, the right to hold possession of the lands and the improvements thereon. Sand. & H. Dig., §§ 2590, 2591.

There is little danger that the holding of the land by appellees will, as suggested by counsel for appellant, ripen into a title by adverse possession. For, as the appellants have no right to the possession of the land, at least so long as the

improvements made by appellees remain thereon, unless the sums adjudged to be due appellees for such improvements have been paid, the statute of limitations cannot commence to run against appellants, and in favor of appellees, until such sums have been discharged, either by the use of the land or in some other way. Until that is done, the possession of appellees cannot be considered as adverse to the rights of appellants. Finding no error, the judgment is affirmed.

HUGHES, J., absent and not participating.

BUNN, C. J., (dissenting.) Under the decision of the court in this case, the landowner who has not satisfied the betterment judgment, either through unwillingness, inability or any other cause, is placed at the mercy of the betterment claimant in possession, who may never voluntarily admit that the rents have settled his claim, or even that he is bound to credit the rental value of the land on his claim, except by order of court in foreclosure proceedings, which may be then barred. There is but one remedy for the landowner in such a contingency, and that is to file his bill of settlement, and to compel a surrender of the premises in case the rents in the intervening time amount to enough to settle the betterment claim and interest, or he has otherwise settled for the betterments. It can hardly be presumed that the legislature intended to subject the impecunious landowner (who never authorized the making of the improvements in the first instance) to such an expensive and uncertain procedure to be restored to the possession of his lands. I think the proceeding in equity to foreclose his lien was the only remedy intended for the betterment claimant, and, failing to avail himself of the same within the time allowed, his claim is to be considered as settled. In my opinion, the prohibition against the issuance of a writ of possession in favor of the landowner is only until the betterment claim is settled, or the claimant has had the opportunity afforded to enforce his lien. There is no personal judgment or claim in the matter. There is simply a lien on the property for the betterment claim, and when that ceases to be enforcible, the landowner should be restored to his possession. Otherwise, the landowner is or may be at the mercy or caprice of the betterment claimant in possession.